1. Ishmael Mizrahi # 1714721
2. Mens Central Jail - 7168
3. 441 Bauchet Street
4. Los Angeles, California
5.
6. Plaintiff Ishmael Mizrahi
7.
8. UNITED STATES DISTRICT COURT
9. CENTRAL DISTRICT OF CALIFORNIA
10.
11. ISHMAEL MIZRAHI         ) NO: CV09 7237 JFW
12.                         )
13.       Plaintiff,        ) MOTION TO EXTEND
                            ) DISCOVERY
14.                         ) DEADLINE;
15.    V.                   )
                            ) MEMORANDUM OF
16.                         ) LAW
17. RANDY L. BELL, et al.,  )
                            )
18.                         ) Fed. R. Civ. P
19.    Defendants.          ) Rule 6(b)(4)
20.
21.
22.                  Date: _____
23.                  time: _____
                     ctrm: #20
24.
25.            HON. CHARLES EICK,
26.          United States Magistrate
             Judge

I. Motion

Plaintiff ISHMAEL MIZRAHI, moves to modify the pretrial discovery schedule, and for good cause shown, extend the discovery cut-off date to December 18, 2010 - or to a date the court would deem appropriate. The discovery cut-off date in this matter is presently set for October 18, 2010. The motion is based on the following:

II. Memorandum of Law

THE COURT MAY GRANT AN EXTENSION FOR GOOD CAUSE UNDER FED. R. CIV. P 6(b)(4)

The district court may modify the pretrial schedule [discovery] if it cannot reasonably be met despite the due diligence of the party seeking extension. Cauo v. Schriro 236 F.R.D 437 (D. Arizona 2006) ("If the party seeking to amend were unable to comply with the deadline

1 , the court may modify the
2 schedule.) Despite his efforts,
3 due to the limitations in information
4 and resources associated with
5 Plaintiff's confinement at Mens
6 Central Jail ("MCJ"), Plaintiff is
7 simply unable to comply with the
8 district court's discovery
9 schedule.
10     Defendants have alleged that
11 Plaintiff's response to their
12 interrogatories and request for
13 production of documents was
14 deficient somehow; they requested
15 supplemental responses to both
16 the interrogatories and request for
17 production of documents. Their
18 requests for supplemental responses
19 covers both defendants Bell
20 and Laum. Plaintiff is presently
21 working on these supplemental
22 responses.
23     Plaintiff in propounding his own
24 interrogatories upon defendants
25 made numerous mistakes. Most
26 notably exceeding the numerical

5

1. Because Plaintiff had no access to
2. the jail law library for guidance,
3. Plaintiff was not aware of the
4. rules governing the discovery process,
5. and unwittingly fell victim to its
6. procedural requirements.
7.   Plaintiff has ardently worked
8. on this case and has sought to
9. provide defendants with timely
10. responses to their discovery requests,
11. even with the meager resources
12. provided by the county vendor, "KEEFE
13. Commissary".
14.   Plaintiff is provided one legal pad
15. with 50 sheets of paper (sometimes
16. less), three golf pencils, four (4) envelopes,
17. and a pack of carbon paper, once
18. a week. This is the extent of the
19. resources provided plaintiff to be
20. divide amongst two (2) other
21. cases, namely Mizrahi v. Arballo -
22. CVD9 6964 JFW, which is also in the
23. discovery stage, and People v.
24. Mizrahi - case # KA079494, plaintiff's
25. criminal matter.
26.   When the above supplies are
27. depleted plaintiff has to wait
28. until the following week to complete

4.

whatever discovery response he had been working on. Moreover, there has been weeks in which Plaintiff did not any supplies whatsoever. Notwithstanding Plaintiff's diligent efforts to comply, because of the development of matters, as stated above, which could not have been reasonably forseen or anticipated, Plaintiff was diligent in seeking amendment of the discovery schedule, once it became apparent Plaintiff could not comply with the order. See <u>Jackson v. Laureate, Inc. 186 F.R.D 605, 608 (E.D. Cal. 1999)</u> The court may, for good cause shown, extend [time, as requested by Plaintiff]. As Plaintiff requests to extend discovery were made <u>before</u> the time elapsed, the court, may grant the motion in its discretion. <u>See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896, 110 S. Ct. 3177 (1990)</u>.

Additionally, Plaintiff has not been able to conduct proper discovery in this matter. And relevant evidence remains to be discovered.

5.

Plaintiff has propounded interrogatory, request for admissions, and request for production of documents on both defendants in this matter. However, defendants responded with generalized objections to many of plaintiff discovery requests, or they make blanket assertions of privilege.

One point of contention is defendants' personnel records and past internal affairs investigations into their conduct. Nonetheless, in actions brought under 42 U.S.C. §1983, personnel files of law enforcement officers are relevant and discoverable. Plaintiff is attempting to meet and confer with defendants, because information such as records of training, conduct, performance, and evaluation may be relevant to credibility, knowledge, motive, preparation, opportunity, identity or absence of mistake or accident, or a deputy's pattern of behavior.

1. Defendants made deficient
2. responses to Plaintiff's request for
3. production of documents; they
4. provided documents that were
5. either useless or irrelevant to
6. the underlying action. Plaintiff
7. is also attempting to confer and
8. meet with defendants on this
9. issue, as well as other discovery
10. matters. But it will not happen
11. before October 18, 2010, the discovery
12. cut-off date.
13.     Plaintiff is also waiting
14. for his medical records that
15. would be evidence of the injuries
16. suffered, as alleged in the
17. underlying complaint. Plaintiff
18. requested these records three
19. (3) weeks ago.
20.     As described above, the
21. discovery sought would preclude
22. summary judgement.
23.     Though the conduct of
24. discovery is generally left to
25. a district court's discretion,
26. summary judgement is disfavored
27. where relevant evidence
28. remains to be discovered,

7.

Particularly in cases involving confined pro se Plaintiffs. See Klingele v. Eikenberry 849 F.2d 409, 412. (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.)(observing that the combined disabilities of self-representation and confinement hinder a Plaintiff's ability to gather evidence.)

As stated above, the district court may modify the pretrial schedule if it cannot reasonably be met, despite the due diligence of the party seeking the extension.

Plaintiff has not previously requested an extension in this case. An extension of the discovery order would not cause undue delay in the litigation or prejudice the opposing party.

## Conclusion

For the foregoing reasons, Plaintiff prays the court extend the discovery schedule to

8.

December 18, 2010, or to a time the court would deem appropriate.

Dated: 10/5/2010

BY: *Ishmael Mizrahi*
Ishmael mizrahi
Plaintiff

# PROOF OF SERVICE BY MAIL

RE: Mizrahi v. Bell et al. NO. CV09 7237

I, Shawn Meyers, declare that I am a resident of the County of Los Angeles, over the age of 18 yrs., a citizen of the United States and not a party to the within action.

My address is 441 Bauchet Street, Los Angeles, CA. I served the attached, "MOTION TO EXTEND DISCOVERY DEADLINE; MEMORANDUM OF LAW", by placing a true thereof in a sealed envelope postage fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

NELSON & FULTON
Attn: Henry Patrick Nelson, Esq.
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA. 90010-2014

On the 6th day of October 2010. I, Shawn Meyers, declare under penalty of perjury that the foregoing is true and correct.

Shawn Meyers
Shawn Meyers
Declarant